```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ELVIN GENAO,<br><br>                    Plaintiff,<br><br>         -against-<br><br>LIRA APARTMENTS,<br><br>                    Defendant. | 19-CV-3467 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, styles this action as a criminal complaint against Defendant. By order dated May 23, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

# BACKGROUND

Plaintiff brings a one-page complaint seeking to file criminal charges against Lira Apartments, a residential building. The complaint states the following:

> STALKING 1ST DEG, AGGRAVATED HARASSMENT 1ST DEG, CYBER STALKING, MALICIOUS PERSECUTION 1ST DEG, SLANDER 1st deg, DEFEMATION OF CHARACTER, HERESY, COLLUSION, CRIMIMNAL THREATS 1ST DEG, ECONOMIC ESPIONAGE ACT, Act/theft of trade secrets/intellectual property crimes/Securities and Commodities Fraud/IDENTITY Theft, DOMESTIC TERRORISM, OBSTRUCTION OF JUSTICE 1ST DEG, ASSAULT 1ST DEG, NEGLIGENT HOMICIDE 1ST DEG, AMENDMENT V, VI, VIII, ZVI, ROME STATUITE, PURSUIT OF HAPPINESS.

(Compl. at 1.) Plaintiff refers the Court to his prior complaints against Valerie Martinez, Christian Bonilla, Stephanie Martinez, and Andrew Martinez for the facts on which his claims are based.[1]

Beginning December 18, 2018, Plaintiff has filed at least 29 complaints in this Court, most of which were styled as criminal complaints, arrest warrants, or civil cases in which he attempts to prosecute criminal charges. On May 7, 2019, the Court ordered Plaintiff to show cause why he should not be barred under 28 U.S.C. § 1651 from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Genao v. St. Paul's Church*, No. 19-CV-2704 (CM). Plaintiff submitted this complaint before the order to show cause was issued.

---

[1] Plaintiff has filed at least two complaints in which he named Valerie Martinez, Christian Bonilla, Stephanie Martinez, or Andrew Martinez as defendants. *See Genao v. Federal Bureau Investigations NY*, No. 18-CV-12287 (CM) (S.D.N.Y. Apr. 22, 2019); *Genao v. Precinct 5*, No. 18-CV-12037 (CM) (pending). Plaintiff asserted in the complaints that he is being stalked by individuals from his old and present neighborhoods but that the FBI and police have failed to act.

**DISCUSSION**

As Plaintiff has been repeatedly informed, he cannot initiate the arrest and prosecution of any other individual in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses the action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is further instructed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 29, 2019
        New York, New York

                                                                    Louis L. Stanton
                                                                     U.S.D.J.